IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:10-CV-4-FL

| | | |
|---|---|---|
| MICHAEL MANUEL and DOROTHY MANUEL, | ) ) ) | |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| MICHAEL MALONE, | ) ) | |
| Defendant. | ) | |

This matter is before the court on plaintiffs' notice of voluntary dismissal with prejudice as to defendant Michael Malone pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), and motion in the alternative for voluntary dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(2). (DE 102). The court's prior order denying plaintiff's motion for summary judgment, entered October 10, 2013, sets forth in detail the background and procedural history of this case, which background the court incorporates herein.

An action may be dismissed voluntarily by the plaintiff without order of the court by filing a notice of dismissal at any time before service by the adverse party of "an answer or a motion for summary judgment." Fed. R.Civ. P. 41(a)(1). Otherwise an action shall not be dismissed on the plaintiff's request except upon an order of the court, "on terms that the court considers proper." Fed. R.Civ. P. 41(a)(2).

Because defendant filed an answer in this case on August 9, 2010, and because defendant has participated in defense of this action in a pro se capacity at length, the court declines plaintiffs' suggestion to allow voluntary dismissal of this action pursuant to Rule 41(a)(1)(A)(i). Rather,

plaintiffs' notice shall be construed as a motion for voluntary dismissal pursuant to Rule 41(a)(2).

See Armstrong v. Frostie Co., 453 F.2d 914, 916 (4th Cir. 1971) (where defendant answered original

complaint, court properly required motion for voluntary dismissal under Rule 41(a)(2) following

filing of amended complaint).

Generally, a motion for voluntary dismissal under rule 41(a)(2) should not be denied absent

substantial prejudice to the respondent. Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir.

1986). In the context of a putative class action, however, the Fourth Circuit has recognized the need

for a special inquiry by the district court prior to granting a motion for voluntary dismissal. In

particular,

> before a District Court may consider or approve a voluntary pre-certification
> settlement of an action begun as a class action, it is not compelled to undertake the
> laborious process of arriving at a certification determination under 23(c)(1), with all
> the burdens such responsibility would entail. Before it may do so, though, the court
> must, after a careful hearing, determine what claims are being compromised between
> the plaintiff and defendant and whether the settling plaintiff has used the class action
> claim for unfair personal aggrandizement in the settlement, with prejudice to absent
> class members.

Shelton v. Pargo, Inc. 582 F.2d 1298, 1314 (4th Cir. 1978). Because the voluntary dismissal of only

the named representative's claims does not bind the purported, uncertified class, the court's inquiry

is to be focused "primarily on the possibility that the pre-certification compromise is the product of

collusion." Id. at 1314-15. The court notes that Rule 23(e), after Shelton was decided, was amended

to clarify that pre-certification class actions are not subject to the requirements of that rule. See Fed.

R. Civ. P. 23(e). Moreover, the court finds that the materials previously submitted in this case and

in support of the notice of voluntary dismissal are sufficient for the court to determine the propriety

of the dismissal under the Shelton standard without further proceedings.

In this case, plaintiffs assert in their notice of voluntary dismissal that the parties "[h]ave amicably settled the matter." (Notice at 1). Any members of a putative class asserted by plaintiffs' counsel in this matter will not be prejudiced by this settlement, because the settlement only applies to plaintiffs' individual claims. Pre-certification dismissal does not legally bind absent class members. See Shelton, 582 F.2d at 1314-15. In light of the nature of the claims asserted and the court's prior assessment of the claims asserted, the court finds that plaintiffs have not "used the class action claim for unfair personal aggrandizement in the settlement" under circumstances of this particular case. Id. at 1314. Rather, the court is satisfied that the settlement was entered into at arms length, without collusion, and is the product of an honest assessment of the strength of the claims and the difficulties with prosecuting this matter further, which difficulties were highlighted in this court's prior order.

## CONCLUSION

Based on the foregoing, the court construes plaintiffs' notice of voluntary dismissal with prejudice under Rul 41(a)(1)(A)(i) as a motion for voluntary dismissal with prejudice under Rule 41(a)(2), and the court GRANTS plaintiff's motion for voluntary dismissal with prejudice pursuant to Rule 41(a)(2). Plaintiffs claims against defendant therefore are DISMISSED WITH PREJUDICE. The clerk is directed to close this case.

So ordered, this the 12th day of November, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge

3